## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TOMMY RAY LUCAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-193-RAW-SPS** |
| | ) | |
| **KILOLO KIJAKAZI,[1]** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

The claimant Tommy Ray Lucas requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled.  For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of hisr past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was fifty-one years old at the time of the administrative hearing (Tr. 29). He completed three years of college and has worked as an employment agency manager and teacher's aide (Tr. 49-51, 218). The claimant alleges that he has been unable to work since February 1, 2015, due to sarcoidosis, chronic fatigue, diabetes, blurry vision, lupus, depression, weight loss, immune disorder, and arthritis (Tr. 217).

### Procedural History

On March 16, 2016, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Luke Liter held an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 15, 2018 (Tr. 12-20). The Appeals Council then denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant had the medically determinable impairments of sarcoidosis, type II diabetes mellitus, essential hypertension, auto immune disorder, fatigue, left eye impairment related

to sarcoidosis, and depression (Tr. 14). Finding that these impairments did not significantly limit the claimant's ability to perform basic work-related activities for 12 consecutive months, he found that the claimant did not have a severe impairment and concluded that the claimant was therefore not disabled (Tr. 14-19).

### Review

The claimant challenges the ALJ's step two findings, particularly alleging that the ALJ failed to account for his sarcoidosis and attendant vision, pain, and fatigue problems, as well as his depression and mental impairments. The undersigned Magistrate Judge agrees with the claimant's contention, and the decision should be reversed and remanded for further proceedings.

The relevant medical evidence reflects that the claimant was diagnosed with sarcoidosis back in 2005. In 2016, the claimant (who had no health insurance prior to this time) complained of visual issues that arose from the sarcoidosis, as well fatigue, tiredness, and joint pain (Tr. 288). Dr. Philip Haddad recommended the claimant see an ophthalmologist for his visual complaints, noting they may also be related to his diabetes (Tr. 292). In March 2016, the claimant indicated that his blurry vision had improved somewhat, but that it was a recurring problem several times per year (Tr. 296). Further treatment notes as to the claimant's left eye reflect corneal ulcer and corneal edema, and the claimant underwent a corneal scrape on the left eye in May 2016, which resulted in some improvement (Tr. 329-332, 342). Treatment notes from 2017 reflect the claimant had worsening blood sugar control, as well as plans for follow-up treatment with a rheumatologist for his sarcoidosis (Tr. 418).

-4-

On March 26, 2018, Dr. S. A. Chaudry conducted a physical consultative examination of the claimant (Tr. 377). Upon exam, she noted the claimant had painful range of motion of flexion, extension, rotation, and lateral movements with bilateral paraspinous muscular tenderness (Tr. 378, 383). Additionally, his right hand had painful range of motion of flexion and extension, but he had normal grip strength and fine and gross manipulative movements (Tr. 379, 383). Dr. Chaudry assessed the claimant with sarcoidosis, diabetes mellitus, hypertension, hyperlipidemia, and arthralgias (Tr. 379).

That same day, Dr. Larry Vaught, Ph.D., conducted a mental status examination of the claimant (Tr. 384). Dr. Vaught noted the claimant reported a history of anxiety and depression, but no treatment for it, and found he had only mild constriction of affect, and that he was mildly slowed in the areas of concentration, persistence, and pace, as well as exhibiting difficulty with delayed memory (Tr. 386). He assessed the claimant with moderate recurrent major depressive disorder with anxious distress, mild neurocognitive disorder, and sarcoidosis, hyperlipidemia, diabetes, and hypertension (Tr. 386). He likewise completed a mental RFC assessment in which he indicated that the claimant had marked limitations in the ability to understand and remember complex instructions and carry out complex instructions, as well as moderate limitation in the ability to make judgments on complex work-related decisions, and mild limitations in the areas of understanding and remembering simple instructions, carrying out simple instructions, and making judgments on simple work-related decisions (Tr. 387). In support, he noted the claimant was 4/4 in immediate recall, but only 1/4 in delayed recall (Tr. 387). He further noted moderate limitations in the ability to interaction with supervisors, coworkers, and the

public, noting that the claimant had depression and anxiety impacting his motivation, self-esteem, sleep, and social interaction (Tr. 388).

State reviewing physicians determined that the claimant's impairments were nonsevere (Tr. 60-63, 71-74).

In his written opinion, the ALJ found that the claimant had the medically determinable impairment of sarcoidosis, type II diabetes mellitus, essential hypertension, auto immune disorder, fatigue, left eye impairment related to sarcoidosis, and depression (Tr. 14). He summarized the claimant's hearing testimony, as well as much of the evidence in the record, then found that the claimant did not have an impairment or combination thereof that limited him for twelve consecutive months (Tr. 15-19). Specifically, the ALJ noted Dr. Chaudry's findings as to the claimant's pain with range of motion, but further noted the lack of eye complaints at that exam. Additionally, the ALJ noted treatment notes indicating the claimant was stable from a pulmonary standpoint, and that his treatment for diabetes mellitus, hypertension, and hyperlipidemia were relatively stable (Tr. 17). He then turned to Dr. Vaught's mental RFC assessment of the claimant and determined that Dr. Vaught's assigned marked limitations were inconsistent with the claimant's treatment history and own records because the claimant was able to drive himself to the exam and his affect was generally appropriate (Tr. 18). The ALJ further questioned Dr. Vaught's indication that these impairments went back to 2005 since the claimant *did* hold a job between 2005 and his alleged onset date in 2015 (Tr. 18). He then found that the claimant's mental impairments only caused mild limitations in any functional area (Tr. 19). He thus

concluded that the claimant did not have a severe impairment or combination of impairments (Tr. 19).

The claimant argues that the ALJ erred at step two of the sequential analysis by finding that he did not have a severe impairment. A claimant has the burden of proof at step two to show that he has an impairment severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 146-147 (1987). This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (*quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988)). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden at step two is a *de minimus* showing of impairment. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (*citing Williams*, 844 F.2d at 751). A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352.

In this case, the claimant had multiple, repeated diagnoses for sarcoidosis affecting his left eye, joints, and also causing fatigue, as well as diabetes mellitus, hypertension, hyperlipidemia, and mental impairments. The record further reflects that these impairments appeared to limit what the claimant could do, specifically in relation to his vision and physical exertion. The undersigned Magistrate Judge notes that impairments are not required to be "orthopedic" in order to affect a claimant's ability to sit, stand, walk,

lift, and carry. Because the record reflects the claimant had these documented impairments and that they limited what the claimant could do, the undersigned Magistrate Judge is therefore satisfied that this evidence meets the claimant's *de minimus* burden of showing a severe impairment or combination of impairments at step two. The standards for evaluation at step two and step four are significantly different and should not be conflated. *See Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("The evidence . . . showed that she . . . had a consultation with a rheumatologist, Dr. Booth, for purposes of evaluating arthritis. He found that she had some osteoarthritis of the knees. He noted pain in her other joints but could not definitively assign an etiology to the pain at that time. Thus, under a *de minimus* standard, the ALJ's finding that arthritis was not a medically determinable impairment appears to be unsupported by substantial evidence.") [citations omitted].

Because the claimant met his burden of showing multiple severe impairments at step two, the decision of the Commissioner should be reversed and the case remanded for further analysis. Upon remand, the ALJ should evaluate the claimant's impairments, singly and in combination.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to

this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P.

72(b).

      **DATED** this 31st day of August, 2021.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**